```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
```
CAPITOL HEALTH MANAGEMENT
CORPORATION d/b/a CAPITOL HEALTH
MANAGEMENT, INC.,

                Plaintiff,

         -against-

UNIVERSAL FINANCIAL SOLUTIONS,
L.L.C., FIRST GUARANTY CAPITAL,
L.L.C., STANLEY M. DANIELS, FRANK
GIAMBRONE, CHRISTOPHER POLK,
and DOES 1-10,

                Defendants.
```
----------------------------------------------------------X
```

06-CV-1903 (CPS) (RER)

**MEMORANDUM & ORDER, AND
REPORT & RECOMMENDATION**

**RAMON E. REYES, JR., U.S.M.J.:**

      Before the Court is plaintiff's motion for sanctions against defendants pro se Stanley M. Daniels ("Daniels") and Universal Financial Solutions, L.L.C. ("UFS") for their failure to abide by the Court's discovery orders, and a request that the Court issue a report and recommendation to the Honorable Charles P. Sifton that the defendants' answer to the amended complaint be stricken. (Docket Entries 36 and 37.) For the reasons which follow, the Court declines to impose sanctions against Daniels or UFS, but respectfully recommends that the Daniels and UFS's answer to the amended complaint be stricken, and that a default be entered against Daniels and UFS forthwith.

BACKGROUND

      This is a common law action for conspiracy to defraud, conversion, unjust enrichment and recision. (Docket Entry 2.) Subject matter jurisdiction is predicated on diversity of citizenship. In a nut shell, plaintiff, which operates Parkway Hospital in Forest Hills, New York,

claims that the defendants conspired to defraud it out of $105,000 in commitment fees to secure over $26 million in financing. (*Id.* ¶ 1.)[1] Defendants allegedly made knowingly false statements to plaintiff that UFS and First Guaranty Capital, L.L.C. ("FGC") would obtain the financing, while never intending to do so. (*Id.* ¶¶ 17-18.) Plaintiff's purpose for obtaining the financing was to enable it to emerge from Chapter 11 bankruptcy. (*Id.* ¶ 17.)

The action was commenced on April 25, 2006, and an amended complaint was filed two days thereafter. UFS, Daniels and defendant Frank Giambrone ("Giambrone") collectively filed their answer the amended complaint on May 19, 2006. (Docket Entry 4.) The initial conference was held on July 14, 2006, at which time UFS, Daniels and Giambrone were represented by William Betz, Esq. (Docket Entries 3 and 8.) Pursuant to the consent scheduling order submitted at the initial conference, discovery was set to close on January 15, 2007. (Docket Entry 8.)

During a telephone status conference on December 1, 2006, the parties reported that discovery was proceeding apace, but in a letter dated January 15, 2007, requested an extension of the discovery period until March 15, 2007. (Docket Entries 14 and 16.) The extension request was granted on January 24, 2007. (Docket Entry dated 1/24/2007.) It didn't take long, however, for discovery to become bogged down. On February 21, 2007, plaintiff requested a telephone conference to set dates for the depositions of UFS, Daniels and Giambrone. (Docket Entry 19.) During a telephone conference on February 23, 2007, I ordered that UFS, Daniels and Giambrone

---

[1] Specifically, plaintiff alleges that it paid commitment fees of $10,000 to Daniels and UFS, and $95,000 to First Guaranty Capital, L.L.C. ("FGC") and its principal Christopher Polk ("Polk"). (Docket Entry 2 ¶¶ 20, 24.) Default has been entered against FGC (Docket Entry 11), but plaintiff has yet to submit any proof that is has properly served Polk.

all be produced for depositions on the same day, prior to the close of discovery. (Docket Entry dated 2/23/07.) Not all of those depositions occurred prior to March 15, 2007, however, and on June 21, 2007, I extended discovery until July 31, 2007, and set a telephone conference for 12:00 p.m. on that date. (Docket Entry dated 6/22/2007.)

Neither counsel for defendants appeared at the July 31, 2007 telephone conference, so I ordered them to show cause in person on August 6, 2007, why they should not be sanctioned for their dilatory conduct. (Docket Entry dated 7/31/2007.) I indicated in the minute entry that the August 6 conference would "also address discovery and the defendants' failure to abide by the discovery rulings made at the 6/22 [sic] conference." (*Id.*.) At defendants' counsel's request, and with his assurance that discovery would be concluded promptly, I adjourned the show cause hearing sine die, and directed the parties to complete the remaining discovery by August 17, 2007, or face sanctions of $500 for each defendant and counsel not in compliance. (Docket Entry dated 8/1/07.) I set a further telephone conference for August 30, 2007.

Prior to the August 30, 2007 telephone conference, plaintiff's counsel filed a letter motion seeking sanctions against Daniels for his failure to abide by the Court's discovery order that Daniels supply plaintiff with a signed copy of his deposition transcript no later than June 29, 2007. (Docket Entry 24.) As a result, the August 30, 2007 conference was adjourned to September 6, 2007. (Docket Entry dated 8/21/07.) Prior to the September 6, 2007 conference, defendants' counsel filed a request to be relieved as counsel for UFS and its principal, Daniels, because of a "communications breakdown and an apparent lack of cooperation between Daniels and his attorneys . . . ." (Docket Entry 25.) I thereafter denied plaintiff's motion for sanctions without prejudice to renewal at a later date, and ordered the parties to meet and confer, and

3

submit a joint status report by September 21, 2007, regarding all discovery that remained to be completed. (Docket Entries dated 9/4/07 and 9/19/07.)

After the joint status report was filed three days late on September 24, 2007, I set a briefing schedule for defendants' counsel's motion to be relieved. (Docket Entry 28 and Entry dated 9/24/07.) The motion to be relieved was granted on November 9, 2007, after which Daniels appeared pro se; Daniels' former counsel continued to represent Giambrone. A status conference was held on December 10, 2007, at which time I set a schedule for the close of discovery (12/28/07) and the filing of pre-motion letters (1/11/08). I also scheduled at that time a final pretrial telephone conference for January 14, 2008 at 10:30 a.m., and although not reflected in the docket sheet, I instructed Daniels to obtain counsel for UFS because he is not a lawyer and could not represent a corporate defendant on a pro se basis. (Docket Entry dated 12/10/07.)

The January 14, 2008 final pretrial telephone conference did not take place, because yet again defendants had not complied fully with their discovery obligations. (Docket Entry 32.) I adjourned the telephone conference to January 22, 2008 at 2:00 p.m., extended discovery yet again, and also scheduled a final pretrial conference for February 14, 2008 at 10:00 a.m. The January 22 conference took place, at which time I ordered defendants to fully comply with their discovery obligations no later than February 8, 2008. I also adjourned the February 14, 2008 final pretrial conference sine die, having no faith that defendants would comply with their discovery obligations by February 8, and instead ordered plaintiff to submit a status report by February 15, 2008. (Docket Entry dated 1/22/08.) I also instructed Daniels yet again to find counsel for UFS by February 1, 2008.

On February 15, 2008, plaintiff submitted a status report which indicated that -- despite repeated attempts to contact Daniels and UFS by telephone, fax and email -- defendants had yet to comply fully with their discovery obligations. (Docket Entry 33.) Accordingly, on that same date, I issued an order directing defendants Daniels and UFS to comply fully with their long overdue discovery obligations no later than February 22, 2008, or risk sanctions in the amount of $5,000 each for their repeated failure to follow the Court's discovery orders. (Docket Entry dated 2/15/08.)[2] I also informed defendants that, should they not comply with those obligations, I would issue a report to Judge Sifton recommending "that the answers of the defendants be stricken and that judgment on plaintiff's claims be entered forthwith." (*Id.*)

On March 12, 2008, plaintiff filed the instant motion for sanctions after Daniels and UFS yet again failed to abide by the Court's discovery rulings. (Docket No. 36.) On March 13, 2008, I ordered Daniels and UFS to respond to the motion by March 20, 2008, and directed plaintiff's counsel to serve Daniels with the Order by email and certified mail no later than March 14, 2008. (Docket Entry dated March 13, 2008.) In a certificate of service, plaintiff's counsel confirmed that Daniels, UFS and Giambrone's law firm each receive a copy of my March 13th Order. (Docket Entry 37.) Plaintiff's counsel also attempted to serve the order on UFS and Daniels at their last-known email address, although the email was returned as undeliverable. (*Id.*) Neither Daniels, nor UFS, nor Giambrone has filed a response to the motion.

---

[2] Shortly thereafter, both attorneys that had been representing Giambrone informed the Court that they were no longer associated with Gambrone's law firm, Lifshutz & Lifshutz, P.C. (Docket Entries 34 and 35.) It is unclear who, if anyone, at Lifshutz & Lifshutz is responsible for the case, although that is immaterial to resolution of the instant motion.

DISCUSSION

Federal Rule of Civil Procedure 37 permits a district court to impose a range of sanctions upon a party for failing to obey a discovery order. FED. R. CIV. P. 37(b)(2). Pursuant to Federal Rule of Civil Procedure 37(b)(2), "the court shall require the party failing to obey the order or the attorney advising the party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified. . . ." FED. R. CIV. P. 37(b)(2); *see also Hoar v. Sara Lee Corp.*, 882 F.2d 682, 687 (2d Cir. 1989) (affirming district court's award of costs of securing compliance with discovery orders, as sanction under Rule 37(b)). More severe sanctions, such as preclusion or dismissal, may be imposed when the failure to comply with a court order was due to willfulness, bad faith or fault on the part of the party refusing discovery. *E.g.*, *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995). Similarly, Rule 16(f) provides, in pertinent part: "If a party or party's attorney fails to obey a scheduling or pretrial order, . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)." The imposition of sanctions under these Rules is within a court's discretion, and will be overturned only where there has been an abuse of that discretion. *E.g.*, *Minotti v. Lensink*, 895 F.2d 100, 102-03 (2d Cir. 1990).

Daniels and UFS have clearly failed to satisfy their obligations to produce discovery, and more importantly, to comply with this Court's discovery orders. I have extended discovery by over one year almost solely to accommodate Daniels and UFS's repeated failures to abide by their discovery obligations. A recitation of these specific, repeated failures is unnecessary as they are adequately documented above. The only issue is what "sanction" is appropriate. The above-

mentioned failures and deficiencies can only be attributable to Daniel's willfulness, bad faith, or at the very least, fault. There is simply no other explanation. Daniels has received adequate, repeated notice of his discovery obligations and the Court's discovery orders, both in his individual capacity and as a representative of UFS. Indeed, the Court has repeatedly warned Daniels personally that should he not comply with those obligations he would risk monetary sanctions and possibly have his and UFS's answers stricken. Through his continued flouting of the Court's discovery orders, Daniels has displayed his total disrespect for the Court, and there seems no other alternative than to strike his and UFS's answer and enter a default against them both. *See Ocello v. City of New York*, No. 05-CV-3725 (CPS)(JO), 2008 WL 789857 (E.D.N.Y. Mar. 21, 2008) (adopting Magistrate Judge's recommendation to strike defendants' answer and enter default where defendants "wilfully and repeatedly ignored their obligations and misled both the court and the other parties throughout the course of discovery").[3]

## CONCLUSION

For the foregoing reasons, plaintiff's motion for monetary sanctions is denied. Instead, the Court respectfully recommends that Daniels' and UFS's answers be stricken and that a default be entered against them forthwith. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Charles P. Sifton within ten business days of receipt hereof. Failure to file timely objections may waive the right to appeal

---

[3] I find lesser sanctions -- including monetary sanctions or permitting adverse inferences to be drawn from defendants' non-compliance -- to be inappropriate in this case because Daniels and UFS has shown a repeated failure to engage in this litigation and have made it highly difficult for plaintiff to contact them. Such lesser sanctions would merely further delay resolution of this case and reward Daniels and UFS for their obstruction of discovery. *See Ocello*, No. 05-CV-3725 (CPS)(JO), 2008 WL 789857 at *8.

the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). Plaintiff is hereby directed to serve copies of this Report and Recommendation upon all defendants by certified mail no later than April 14, 2008 at their last known address, and to file proof of service with the Clerk of the Court.

**Dated: April 11, 2008**
   **Brooklyn, New York**

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**